interested, he cannot be sworn; but where evidence is offered to the court, who are to determine whether the witness is interested, if it appears to them that he is not, though he thinks himself interested, he shall be sworn.

*Procedendo* awarded.

Gantt and *Shaaff*, for appellant.
*Key, Mason* and *Kilty*, for appellee.

May 1799.

Peter
vs.
Beall.

## GENERAL COURT, MAY TERM, 1799.

### Maddox vs. Cranch.

Assumpsit for *poundage* and *other fees* due to the plaintiff, as sheriff of Prince-George's county, for executing sundry writs of *attachment* prosecuted out of the county court of the said county, by the defendant, as attorney at law of sundry persons being *nonresidents* of the state.

By the statement of facts submitted to the court for its opinion, it appears, that on the 21st of March 1798, sundry persons residing in the state of *Massachusetts*, by the defendant, as their attorney, issued out of Prince-George's county court sundry writs of *attachment*, directed to the present plaintiff, then and still the sheriff of the said county, against the lands and tenements, goods and chattels, of a certain *James Greenleaf*, for divers large sums of money. That the said writs of attachment were by the defendant delivered to the plaintiff as sheriff as aforesaid, to be executed according to law; that the defendant agreed with the plaintiff, that if he would execute and serve the said writs of attachment, as the law directs, he would pay him such sum of money as he would be entitled to by law, from the plaintiff in the said writs of attachment, for serving and executing the same; that the defendant did afterwards point out to the plaintiff, as sheriff as aforesaid, sundry lands and tenements lying in the county aforesaid, as and for the lands and tenements of the said *Greenleaf*; and at the request and directions of the defendant, the plaintiff, as sheriff as aforesaid, did lay, serve, and execute the said writs of attachment, as the law directs, upon the said lands and tenements, and made return to the county court aforesaid, at the return day of the said writs, upon each of the said writs, what he had done in and by virtue thereof. That the said lands and tenements by the plaintiff taken and seised as aforesaid, were sufficient in value to pay and satisfy the sums of money claimed and sued for in and by the said writs of attachment. That the said

MAY 1799.

Maddox
vs.
Cranch.

lands and tenements, so as aforesaid attached, were not sold or delivered over to any of the persons, plaintiffs in the said writs of attachment, being claimed by a certain *John Ashley,* and others, as their lands and tenements; and that the county court of Prince-George's have adjudged that the said lands and tenements are not the lands and tenements of the said *Greenleaf,* and that the same are not liable to be condemned on the said writs of attachment, or any of them.

The plaintiff claimed a right to recover as and for his poundage fees upon the said writs of attachment, at the rate of *one per centum and seven-eighths of a per centum* for the *first* 10*l.* in each of the said writs, and *three quarters of a per centum* upon the *residue* of the sum due therein.

*Mason,* for the plaintiff.

*Cranch,* in *propria persona.*

Two questions were raised.

*First,* whether any fees were chargeable on *attachments;* and

*Secondly,* If chargeable, whether to the plaintiff or defendant in such writ of attachment?

By the act of November 1779, *ch.* 25, *s.* 3, there is allowed "for all goods and chattels which any sheriff shall attach and take into his possession, or wherewith he shall be chargeable, the same fees as on executions."

*Section* 4. Poundage fees on executions not to be demanded or taken for any greater sum than the real debt, *bona fide* due and claimed by the plaintiff, amounts to.

*Section* 5. On the service of any execution, the sheriff for the service of the same shall charge and receive on the same at the rate of 10 per cent. for the first 5*l.* and the rate of 5 per cent. for the residue; but by the act of November 1790, *ch.* 59, *s.* 2, the sheriff is allowed, (instead of the above poundage fees,) to receive only at the rate of *seven and a half per cent.* for the first 10*l.* and the rate of *three per cent.* for the residue; "and that where execution or *attachment* shall be made on *lands* held for years, or a greater estate, only *one half* the poundage fees; but if the estate in the land shall not be chargeable by appraisement, and delivered to the plaintiff, or by sale of the sheriff, *one quarter part* of the *poundage fees* only shall be chargeable."

THE COURT determined that the plaintiff was entitled to *one fourth* poundage fees, and that the fees must be paid by the person who issues the writ of attachment.

JUDGMENT on the case stated for the plaintiff.